UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOOPIN SIRIKIT,

                           **Plaintiff,**

      -against-

**HARVEY LAZAROWITZ**

                          **Defendants.**
------------------------------------------------------------X

**Index No.:**

**COMPLAINT**

      Plaintiff Noopin Sirikit ("Sirikit" or "Plaintiff") by her attorneys, Hoffmann & Associates, complaining of Defendant Harvey Lazarowitz ("Lazarowitz" or "Defendant") alleges:

## NATURE OF THE ACTION

      1.     Plaintiff has been employed as a housekeeper at defendant's Woodmere, New York residence since June 2016.  Throughout her employment, defendant required plaintiff to work between seventy-seven and ninety-one hours per week but paid her a flat weekly salary that failed to compensate her for the New York State minimum wage and for overtime pay at 1.5 times her regular hourly rate for hours worked over forty each workweek.  Defendant also failed to: (1) provide plaintiff with wage notices at the time of her hire and with accurate wage statements with each payment of wages.

      2.     Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), the Domestic Workers' Bill of Rights ("DWBR"), and the NYLL's Wage Theft Prevention Act ("WTPA") to recover unpaid minimum wages, unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 1337 and has supplemental jurisdiction over plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because many of the events and omissions alleged in this complaint occurred in this District and defendant resides in this District.

## THE PARTIES

**Plaintiff Noopin Sirikit**

5. Plaintiff Noopin Sirikit resides in Woodmere, New York.

6. Plaintiff has worked as a housekeeper for defendant in his private homes in Woodmere, New York from June 2016 to September 6, 2017 and again from October 2019 to the present.

**Defendant Harvey Lazarowitz**

7. Defendant Harvey Lazarowitz is a resident of Nassau County and owns a home located at 840 Broadway, Woodmere, New York.

8. Throughout plaintiff's employment, Harvey Lazarowitz and his late wife would often assign and direct plaintiff's work duties.

9. Harvey Lazarowitz determined plaintiff's rate of pay and actually paid plaintiff's wages.

10. Throughout plaintiff's employment, Harvey Lazarowitz would regularly assign and direct plaintiff's work duties.

11. Harvey Lazarowitz exercised sufficient control over plaintiff's employment to be considered plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

12. For the duration of plaintiff's employment, she worked as a housekeeper and caregiver at the Lazarowitz residence in Woodmere, a two-story home with four bedrooms and three bathrooms.

13. Each workday, Harvey Lazarowitz directed plaintiff's work duties, instructing her what was needed in addition to plaintiff's regular work tasks.

14. When not at home, Harvey Lazarowitz regularly communicated with his wife or son to update or modify plaintiff's assigned tasks.

15. Plaintiff would typically begin her workday by preparing breakfast for defendant, his wife, son and granddaughter and cleaning each room in the house. Her cleaning routine included dusting, sweeping and mopping.

16. Upon completing her cleaning duties, plaintiff would begin other housekeeping tasks, such as washing, ironing, and folding laundry for all three members of the Lazarowitz household.

17. Plaintiff also cared for defendant's wife during her illness until she passed away on December 29, 2020.

18. Plaintiff also prepared lunch and dinner for the family.

**Plaintiff's Work Schedule**

19. When plaintiff worked at the Lazarowitz residence, her regular weekly work schedule was Monday through Sunday, from approximately 7:00 a.m. to 8:00 or 9:00 p.m. During this period, plaintiff regularly worked approximately seventy-seven to eighty-one hours per week.

20. When plaintiff was caring for defendant's wife during her illness, her regular weekly work schedule was Monday through Sunday, 7:00 a.m. to 9:00 p.m. or 10:00 p.m. During this period, plaintiff regularly worked approximately eighty-four to ninety-one hours per week.

**Plaintiff's Compensation**

21. At the beginning of her employment, Lazarowitz paid plaintiff $600.00 per week including for hours worked over forty per workweek. In October 2019 her weekly pay was increased to $1,600.00 per week.

22. Lazarowitz generally paid plaintiff's wages in cash.

23. Lazarowitz did not provide plaintiff with a wage notice at her time of hire.

24. Throughout her employment, Lazarowitz paid plaintiff her wages without accompanying wage statements accurately reflecting, *inter alia*, her hours worked, and hourly rates paid.

## FIRST CLAIM

### (NYLL – Failure to Pay NYS Minimum Wage)

25. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

26. Lazarowitz employed plaintiff within the meaning the of the NYLL.

27. Lazarowitz, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor ("NYDOL"), paid plaintiff less than the minimum wage.

28. Lazarowitz willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff the minimum wage.

29. As a result of Lazarowitz's willful violations of the NYLL, plaintiff is entitled to recover unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

30. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

31. Lazarowitz employed plaintiff within the meaning of the FLSA.

32. Lazarowitz was required to pay plaintiff one and one-half (1½) times her regular hourly wage rate for all hours worked in excess of forty per workweek pursuant to the overtime wages provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

33. Lazarowitz failed to pay plaintiff the overtime wages to which she was entitled under the FLSA.

34. Lazarowitz willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

35. As a result of defendant's willful violations of the FLSA, plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## THIRD CLAIM
### (NYLL – Unpaid Overtime Wages)

36. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

37. Lazarowitz employed Plaintiff within the meaning the of the NYLL.

38. Under the NYLL, the DWBR, and supporting NYDOL regulations, Lazarowitz was required to pay plaintiff one and one-half (1½) times her regular hourly wage rate for all hours worked in excess of 44 per workweek when plaintiff worked as a live-in domestic worker and in excess of 40 per workweek otherwise.

39. Pursuant to NYLL § 161(1), when working as a live-in domestic worker, plaintiff was entitled to one day of rest every seven days, or overtime pay in lieu of the day off, on weeks when she worked seven days.

40. When working at his residence, Lazarowitz failed to provide plaintiff one day of rest every seven days, or overtime pay in lieu of the day off.

41. Lazarowitz failed to pay plaintiff the overtime wages to which she was entitled under the NYLL.

42. Lazarowitz willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

43. As a result of Lazarowitz's willful violations of the NYLL, plaintiff is entitled to recover unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## FOURTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notice)

44. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

45. The NYLL's WTPA required employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

46. In violation of NYLL § 195(1), Lazarowitz failed to furnish plaintiff at the time of hiring, or whenever her rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

47. As a result of Lazarowitz's violations of NYLL § 195(1), plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

## FIFTH CLAIM
## (NYLL WTPA – Failure to Provide Accurate Wage Statements)

48. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

49. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

50. Lazarowitz failed to furnish plaintiff, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions, allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

51. As a result of Lazarowitz's violations of NYLL § 195(3), plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter judgment:

(a) Declaring that defendant Harvey Lazarowitz has violated the overtime wage provisions of the FLSA, NYLL, and supporting regulations;

(b) Declaring that Lazarowitz has violated wage notice and wage statement provisions of the NYLL and WTPA;

(c) Declaring the Lazarowitz's violations of the FLSA and NYLL were willful;

(d) Enjoining Lazarowitz from further violations of the FLSA and NYLL;

(e) Awarding plaintiff damages for unpaid overtime wages;

(f) Awarding plaintiff liquidated damages pursuant to the FLSA and the NYLL;

(g) Awarding plaintiff statutory damages as a result of Lazarowitz's failure to furnish wage notices and wage statements pursuant to the NYLL and WTPA;

(h) Awarding plaintiff pre- and post-judgment interest under the NYLL and WTPA;

(i) Awarding plaintiff reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to the FLSA and the NYLL; and

(j) Awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.


Dated: New York, New York
   January 13, 2023


                HOFFMANN & ASSOCIATES

            By: _____
                Andrew S. Hoffmann
                *Andrew.Hoffmann@HoffmannLegal.com*
                Tram Dao
                *Tram.Dao@HoffmannLegal.com*
                450 Seventh Avenue, Suite 1400
                New York, New York 10123
                Ph: (212) 679-0400
                Fax: (212) 679-1080
                *Attorneys for Plaintiff*